J-S13014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY R. GEARHART :
:
Appellant : No. 1163 MDA 2021

Appeal from the PCRA Order Entered August 13, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No:  CP-06-CR-0005239-2007

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 10, 2022**

Appellant, Timothy R. Gearhart, appeals *pro se* from the August 13, 2021 order entered in the Court of Common Pleas of Berks County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

Appellant . . . entered a plea of guilty to Murder of the Third Degree and Conspiracy to Commit Aggravated Assault and was sentenced to not less than twenty years nor more than forty years of incarceration in a State Correctional [Institution], followed by twenty years of probation.  The court also imposed costs, fines in the amount $100 for each offense and restitution in the amount of $19,550.  Appellant filed post-sentence motions, which were denied, and he thereafter appealed to the Superior Court.  The Superior Court affirmed Appellant's judgment of sentence in its October 9, 2009 memorandum opinion.  ***Commonwealth v. Gearhart***, 1740 MDA 2009 (Pa. Super. Oct. 9, 2009).

_____

[*] Former Justice specially assigned to the Superior Court.

On August 10, 2010, Appellant filed his first *pro se* PCRA petition alleging abuse of discretion by [the trial court], ineffective assistance of trial counsel and an unlawfully induced plea. [The court] appointed PCRA counsel on August 11, 2010. PCRA counsel filed a motion to withdraw on October 26, 2011, which [the court] granted the next day. [The court] dismissed the first Petition on December 5, 2011. Appellant appealed and the Superior Court affirmed the dismissal in a memorandum decision on February 22, 2013.

On October 15, 2019, Appellant filed the instant *pro se* petition, his second, pursuant to the PCRA, which was then docketed on November 19, 2019. Appellant apparently recognized that his second petition was untimely, but alleged that he was eligible for an exception to the time bar pursuant to Section 9545(b)(1)(iii) of the PCRA claiming that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545. Appellant claimed that the Pennsylvania Supreme Court's recent holding in ***Commonwealth v. Ford***, 217 A.3d 824 (Pa. 2019), provided a "new rule of law" of which he was entitled to obtain the benefit thereof, because, as he alleged, the court imposed nonmandatory fines without inquiring as to his ability to pay. Appellant based his claim of relief on the Supreme Court's holding in ***Ford*** that the imposition of a non-mandatory fine without any evidence of a defendant's ability to pay such a fine, results in an illegal sentence. ***Ford***, 217 A.3d at 831.

On December 11, 2019, Appellant filed an amended petition again asserting that he is due relief pursuant to ***Ford***. However, Appellant, in the amended petition, indicated that his assertion of the court's jurisdiction pursuant to Section 9545(b)(1)(iii) was incorrect and that he [] was then invoking the jurisdiction of [the PCRA court], as an exception to the time bar under the PCRA, through the newly discovered facts exception under Pa.C.S.A. § 9545(b)(1)(iii). Appellant claimed that the "newly-discovered fact" upon which he relies is "the Pennsylvania Supreme Court's first statutory interpretation of 42 Pa.C.S.[A.] § 9726." Second Am. Pet. ¶ 5.

[The PCRA court] filed [its] Notice of Intention to Dismiss pursuant to Pa.R.Crim.P. 907 on May 21, 2020. As [the] Notice indicated,

[the PCRA court found it did not have] jurisdiction to consider Appellant's claims raised in either his original petition, or in his amended petition, because he failed to plead and prove that any of the exceptions to the PCRA time bar set forth in Section 9545(b)(1) were applicable.

After several requests by Appellant for an extension to file a response to [the] Notice, which [the court] granted, Appellant filed his *pro se* "Defendant's Objections to Notice of Intention of Dismiss" on July 16, 2021. In his [filing], Appellant continued to assert that he was eligible to raise an exception to the time bar pursuant to section 9545(b)(1) under the newly-recognized right exception and the previously-un[known] facts exception. Finding that Appellant failed to assert any further basis for relief, or to alert [the PCRA court] to any additional error upon which [the court] could discern any potential amendment[, ***see***] ***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012), [the court] proceeded to dismiss Appellant's petition by order dated August 13, 2021.

Appellant filed his Notice of Appeal on September 8, 2021. [The PCRA court] issued a concise statement order on September 13, 2021[, which Appellant filed on September 21, 2021]. . . . On September 29, 2021, Appellant filed a document entitled "Petitioner's Leave to Amend Concise Statement of Errors Complained of on Appeal," [which the PCRA court granted]. [This appeal followed].

Statement in Lieu of Opinion, 11/5/21, at 1-3 (footnotes omitted; unnecessary capitalization omitted).

Appellant raises several claims and sub-claims for our review. ***See*** Appellant's Brief at 3-4. However, Appellant's argument can be summarized as follows. Appellant is aware that his current PCRA petition is untimely. He believes, however, that he is entitled to the application of ***Ford***, and that ***Ford*** makes the instant petition timely under the after-discovered new fact and/or the newly-recognized constitutional right exception. Appellant also

argues that due process/equal protection demand the application of **Ford** to his matter, regardless of timeliness. Finally, Appellant asserts his sentence violates **Ford**, which, in turns, makes his sentence illegal. We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v.** (**Frank**) **Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

As noted above, Appellant filed the instant petition on November 19, 2019, approximately ten years after his judgment of sentence became final. As such, the instant petition is facially untimely.[1]

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

As noted, the thrust of Appellant's argument is that the ***Ford*** decision, which Appellant alleges controls the instant appeal, meets the requirements of the newly-discovered fact exception in Section 9545(b)(1)(ii) and the newly-recognized constitutional right exception set forth in Section 9545(b)(1)(iii).

_____

[1] The record reflects Appellant's judgment of sentence became final on November 9, 2009, at the expiration of the thirty-day period to file an appeal with the Pennsylvania Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant had one year from November 9, 2009, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The instant petition, which was filed in 2019, is therefore facially untimely.

[2] Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2017.

The newly-discovered fact exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

*Ford* is not a new "fact" for purposes of the newly-discovered fact exception.[3] *See, e.g., Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) ("subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA); *Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020) (same).

Foreseeing that the instant claim is barred under well-established authorities, Appellant avers he is not arguing that *Ford* itself is a new fact. Rather, the new "interpretation" of the relevant statute offered in *Ford* is the new "fact." Appellant's Brief at 10. Appellant, however, confuses

> the concepts of "law" and "fact." Black's Law Dictionary explains the distinction thusly: "Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule." Black's Law Dictionary 592 (6th ed. 1991). Put another way, "A 'fact,' as distinguished from the 'law,' . . . [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law." *Id*. Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events.

*Watts*, 23 A.3d at 986-87.

---

[3] *See also Commonwealth v. Brewer*, 2022 WL 35476 (Pa. Super. filed January 4, 2022).

- 6 -

Accordingly, Appellant's claim that **Ford** constitutes a newly-discovered fact for purposes of PCRA is without merit. **See Watts**, **supra**; **Reid**, **supra**; **Brewer**, **supra**.

Next, Appellant argues that **Ford** created a new constitutional right. We disagree.

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Abdul-Salam**, 812 A.2d 497, 501 (Pa. 2002).

Regarding the scope of the constitutional right exception, in **Commonwealth v. Chambers**, 35 A.3d 34 (Pa. Super. 2011), we noted:

> For purposes of deciding whether the timeliness exception to the PCRA based on the creation of a new constitutional right is applicable, the distinction between the holding of a case and its rationale is crucial since only a precise creation of a constitutional right can afford a petitioner relief.... [T]he rationale used by the Supreme Court is irrelevant to the evaluation of a § 9545(b)(1)(iii) timeliness exception to the PCRA, as the right must be one that has been expressly recognized by either the Pennsylvania or United States Supreme Court. Thus, for the purpose of the timeliness exception to the PCRA, only the holding of the case is relevant.

**Id.** at 42-43 (emphasis added).

Like the appellant in **Chambers**, Appellant is not basing his argument on a newly-recognized constitutional right as contemplated by the PCRA. Rather, Appellant bases his argument on **Ford**'s rationale that a trial court may only impose fines based on a defendant's ability to pay. **Ford**, 217 A.3d at 831.[4]   Additionally, our Supreme Court did not hold **Ford** applicable retroactively, let alone in a PCRA setting.  Thus, to the extent Appellant argues that **Ford** qualifies as a newly-recognized constitutional right, the claim is without merit.

In light of the foregoing, we conclude that Appellant's reliance on **Ford** for purposes of the newly-discovered fact exception or the newly-recognized constitutional right exception is misplaced, and provides Appellant with no relief.

Next, Appellant argues that the inapplicability of **Ford** to him results in a violation of his equal protection/due process rights.  Even if we were to conclude that his constitutional rights were violated, Appellant would not be entitled to relief because he failed to meet the timeliness requirements of the PCRA.  In fact, claims of constitutional dimension are subject to the same timeliness rules.  **See Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) ("we have already held that, in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, the constitutional nature of a collateral claim does not overcome the legislature's restrictions on

---

[4] **See also Brewer**, **supra**.

collateral review") (internal citation omitted). Because Appellant failed to show that his current petition is timely, casting his claim as a constitutional violation is of no help.

Finally, Appellant attempts to avoid the timeliness restrictions of the PCRA by alleging that he suffered a ***Ford*** violation which resulted in an illegal sentence. According to Appellant, legality of the sentence is not subject to the PCRA time limitations. We disagree.

The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

Because Appellant failed to show that the instant PCRA petition is timely, we are unable to reach the merits of his claims.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/10/2022